UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW DANIEL NOVAK,

      Plaintiff,

v.                                          CASE NO. 6:20-cv-521-GKS-JBT

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits. In a decision dated April 2, 2019, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 16, 2014, the alleged disability onset date, through March 31, 2016, the date last insured. (Tr. 17–27.) Plaintiff has exhausted

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the memoranda, and the applicable law. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

### I.     Issues on Appeal

Plaintiff raises the following issues on appeal:

> Issue Number 1:
>
> Whether the ALJ erred in determining that the claimant has the residual functional capacity to perform work at all exertional levels with some additional non-exertional limitations after failing to adequately consider all of the limitations and opinions outlined by the physicians.
>
> Issue Number 2:
>
> Whether the ALJ properly relied on the testimony of the Vocational Expert after posing and relying on a hypothetical question that did not adequately reflect the limitations of the claimant.

(Doc. 27 at 7, 15.)

### II.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations

and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairment of post-traumatic stress disorder.[2] (Tr. 19.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 20–21.) In doing so, the ALJ further found that Plaintiff had a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation with regard to concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing oneself. (Tr. 20–21.)

Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with a number of non-exertional limitations, including the following mental limitations:

> Limited to performance of simple, routine, and repetitive tasks, should work in a low stress job defined as having occasional decision making and changes in work setting, engage in work establishing only production quotas based on end of work day measurements without fast paced production quotas. The individual can have no interaction with the public and occasional interaction with co-workers.

---

[2] The sequential evaluation process is described in the ALJ's decision. (Tr. 18–19.)

(Tr. 22.)

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 25.) At step five, the ALJ found that considering Plaintiff's age (30 years old on the date last insured), education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26.) Therefore, Plaintiff was not disabled. (Tr. 27.)

### IV. Analysis

#### A. State Agency Doctors

In arguing that the ALJ failed to adequately consider all of the limitations and opinions from the physicians, Plaintiff first contends that the ALJ did not address the opinion of the State agency non-examining physicians that Plaintiff "[m]ay have some challenges, on occasion, persisting at tasks within physical tolerances and skill levels for 2 hour periods in an 8 hour day with regular breaks and normal levels of supervision." (Tr. 76, 93; Doc. 27 at 11.) The undersigned recommends that the Court reject this argument.

The ALJ found the opinions of the State agency doctors "somewhat persuasive." (Tr. 24.) The ALJ also stated that the assessed RFC "finds support in the prior administrative psychological findings." (Tr. 25.) The undersigned recommends that the ALJ could reasonably interpret his RFC assessment as consistent with the opinions of the State agency doctors. In short, although these doctors opined that Plaintiff "may" have occasional challenges with persistence, they, like the ALJ, determined that Plaintiff had only moderate limitations in that

4

area. (Tr. 70, 88.) Moreover, the bottom-line opinion of these doctors was that Plaintiff "can understand, retain and carry out simple to somewhat more complex instructions/tasks. [Plaintiff] can consistently and usefully performed routine tasks on a sustained basis with minimal (normal) supervision." (Tr. 76, 93.) Thus, the undersigned recommends that the ALJ sufficiently accounted for the opinions of the State agency doctors.

### B. Examining Physician

Plaintiff next argues that the ALJ erred in discounting the opinions of an examining physician, Dr. Lydia Lechliter. (Doc. 27 at 13.) Specifically, Plaintiff argues: "It seems as though the ALJ dismissed the opinion of Dr. Lechliter primarily because the claimant had not been in treatment on a consistent basis, but the ALJ failed to determine whether the claimant's failure to treat was a result of his mental condition." (*Id.*) The undersigned recommends that the Court reject this argument as well.

The ALJ found the opinions of Dr. Lechliter "unpersuasive" for a number of reasons, including that Plaintiff was not taking any medication at the time of the examination, was not consistently receiving treatment, "was noted with grossly intact attention, concentration, and memory," and had recently shown improvement. (Tr. 25.) The undersigned recommends that these reasons are supported by substantial evidence.[3] *See McNamee v. Soc. Sec. Admin.*, 164 F.

---

[3] Plaintiff does not argue that Dr. Lechliter was a treating physician, and it does not appear that she was. (Tr. 450–57.) However, even if Dr. Lechliter was a treating

5

App'x 919, 924 (11th Cir. 2006) (finding no reversible error "[b]ecause the ALJ gave specific reasons for according no weight to [an examining physician's] opinion, and because the ALJ based his decision on substantial medical evidence").[4]

Moreover, contrary to Plaintiff's argument, the ALJ did consider the reason why Plaintiff was not obtaining treatment. The ALJ stated: "The evidence demonstrates that the claimant is not motivated to seek treatment on a regular basis, or to stop abusing substances. Any treatment has been sporadic, until more recently when the claimant was on the verge of losing his benefits." (Tr. 24.) The ALJ also noted that Plaintiff had told one treatment provider "that he did not think treatment could offer him anything above and beyond what obtaining a 100% disability rating could offer." (Tr. 23.) Thus, the undersigned recommends that the ALJ adequately considered the opinions of Dr. Lechliter.

---

physician, the undersigned would recommend that these reasons satisfy the "good cause" standard. To discount the opinions of a treating doctor, the ALJ is required to provide "good cause." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014). Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240–41. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it*.*" *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

### C. Veteran's Administration ("VA") Staff Psychologist

Finally, Plaintiff argues that the ALJ erred in failing to consider the "opinion" of a VA staff psychologist that Plaintiff "remains fairly confused about how to make day-to-day decisions that are in his best interest." (Tr. 458; Doc. 27 at 14.) The undersigned recommends that this argument be rejected because this notation does not reflect a "medical opinion" within the meaning of *Winschel* and other relevant case law. As the Eleventh Circuit stated recently in connection with notes of psychiatric treatment in *Holland v. Commissioner of Social Security*, Case No. 20-10201, 2021 WL 48789, at *3 (11th Cir. Jan. 6, 2021): "A medical opinion, in this context, must provide judgments about [plaintiff's] functional limitations or the severity of her impairments." The note cited by Plaintiff in this case, which may just be a recording of Plaintiff's subjective statement, does not include a work-related judgment about Plaintiff's functional limitations or severity of impairments.

Moreover, the undersigned recommends that *Winschel* does not stand for the proposition that the ALJ must treat as opinion evidence, and assign weight to, every such notation in the medical records. To interpret *Winschel* in this manner would place an unrealistic burden on ALJs because it would require them to address innumerable comments in the records. In addition, Plaintiff's argument is contrary to the law that the ALJ need not refer to every piece of evidence in the decision. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not

7

enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.") (internal citations and quotation marks omitted).

Finally, the undersigned recommends that any error on the ALJ's part was harmless because Plaintiff has not shown how this notation is inconsistent with the ALJ's RFC assessment. *See Shaw v. Astrue*, 392 F. App'x 684, 687 (11th Cir. 2010) ("Although he did not specifically address the findings regarding poor functionality in dealing with supervisors or stress, his RFC finding was not inconsistent with this.") (footnote omitted). Thus, the undersigned recommends that the Court reject this argument.[5]

## V.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

---

[5] Plaintiff's second issue is merely a reformulation of the first issue. Therefore, the undersigned recommends that the Court reject Plaintiff's argument in this regard as well.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on March 17, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record